**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KEIVA GRANT,                         )
                                     )
            Plaintiff,               )
                                     )
      v.                             )          No. 4:25-cv-00484-JAR
                                     )
WASHINGTON UNIVERSITY,               )
                                     )
            Defendants.              )
                                     )

**<u>MEMORANDUM AND ORDER</u>**

Keiva Grant, a self-represented litigant, sues Washington University for retaliatory termination. (ECF No. 1). She seeks leave to proceed *in forma pauperis* (ECF No. 2) and appointment of counsel (ECF No. 3). Because Grant's income only narrowly exceeds her monthly expenses, the Court finds she cannot pay the costs of this action and therefore grants the motion. Nevertheless, for the reasons set forth below, the Court dismisses this action without prejudice and denies the motion for appointment of counsel (ECF No. 3) as moot.

**I.      Background**

Grant alleges that Washington University terminated her employment on March 12, 2024. (ECF No. 1 at 2–3). She claims the University fired her "for false reasons after reporting issues within unit/unit supervisor." *Id.* Specifically, she alleges that after she spoke with a Human Resources representative to report "multiple issues within the unit," the University retaliated by terminating her employment. *Id.* at 5.

On her complaint form, Grant does not select any pre-listed federal statute as the basis for her employment discrimination claim. *Id.* at 1–2. Instead, she checks "Other" and writes "Retaliation." *Id.* at 2. She similarly declines to identify a protected characteristic, writing only

that the discrimination was "personal." *Id.* at 5. However, Grant indicates she filed a charge regarding her termination with the Equal Employment Opportunity Commission (EEOC). *Id.* at 3. She seeks lost wages, pain and suffering, and court fees. *Id.* at 7.

## II.    Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if it "fails to state a claim on which relief may be granted." A complaint must plead more than "legal conclusions" and "threadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

When reviewing a self-represented litigant's complaint, the Court accepts well-pleaded facts as true and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts or construct a legal theory on a plaintiff's behalf. *Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004).

## III.    Discussion

Liberally construing the complaint to assert a federal retaliation claim, the Court dismisses Grant's complaint because it fails to state a plausible claim for relief under federal employment

discrimination law. Although Grant does not identify Title VII, the ADA, or any other federal anti-discrimination statute, she characterizes her claim as "personal" and arising from an "HR Report."

Title VII prohibits an employer from retaliating against an employee who "opposed any practice made an unlawful employment practice" by Title VII, such as discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-3(a); *Winfrey v. City of Forrest City*, 882 F.3d 757, 758 (8th Cir. 2018). To state a plausible retaliation claim, a plaintiff must allege that she engaged in statutorily protected activity and suffered an adverse employment action as a result. *Hunt v. Neb. Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002).

Grant alleges only that she reported "multiple issues within the unit" and supervisor conduct to Human Resources. She does not allege that these issues involved discrimination based on a protected characteristic. Because Title VII protects opposition to unlawful discriminatory practices, not general workplace grievances, Grant's reports to HR do not constitute protected activity. 42 U.S.C. § 2000e-3(a); *Hunt*, 282 F.3d at 1028. To the extent Grant's complaint could be construed as asserting a retaliation claim under the ADA or ADEA, it fails for the same reason: Grant does not allege opposition to any unlawful discriminatory practice.

Furthermore, Grant's allegation that the University fired her for "false reasons" is a conclusory allegation unsupported by sufficient detail. Grant fails to describe the "issues" she reported, the "false reasons" the University allegedly gave, or any facts suggesting a causal link between her HR report and her termination. *See Iqbal*, 556 U.S. at 678.

Because Grant's complaint neither identifies a federal cause of action nor alleges sufficient facts to support a plausible claim for relief, the Court dismisses this action without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent Grant's vague allegations

3

could be construed to assert a state-law claim, the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that Grant's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Grant's motion for appointment of counsel (ECF No. 3) is **DENIED** as moot.

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 20th day of March, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4